**NOT FOR PUBLICATION**                     [Docket Nos. 33 and 34]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| LAUREN ZURGA, et al.<br><br>        Plaintiffs,<br><br>   v.<br><br>BURDETTE TOMLIN MEMORIAL HOSPITAL, et al.,<br><br>        Defendants. | Civil No. 04-3634 (RMB)<br><br>**OPINION** |

Appearances:

Eugene D. McGurk, Jr., Esquire
Raynes, McCarty, Binder, Ross & Mundy, Esqs.
116 White Horse Pike
Haddon Heights, New Jersey 08035
(856) 854-1556
    Attorney for Plaintiff Lauren Zurga

Robert Emil Paarz, Esquire
The Paarz Law Firm, LLC
Linwood Greene
210 New Road, Suite 17
Linwood, New Jersey 08221
(609) 601-8600
    Attorney for Plaintiff Nicholas Zurga

Timothy M. Crammer, Esquire
David J. Bishop, Esquire
Crammer Bishop, PC
508 New Jersey Avenue, Suite B3
Absecon, New Jersey 08201
(609) 677-6996

Attorneys for Defendant Burdette Tomlin Memorial Hospital

Jay J. Blumberg, Esquire
Blumberg and Lindner, LLC
45 South Broad Street
P.O. Box 68
Woodbury, New Jersey 08096
(856)848-7472
    Attorney for Defendant Raymond Cascarino, D.O.

Richard A. Grossman, Esquire
Grossman & Heavey
1608 Highway 88 West, Suite 200
Brick, New Jersey 08724
(732) 206-0200
    Attorney for Defendant Manish K. Singh, M.D.

**BUMB,** District Judge:

This matter comes before the Court upon motions for summary judgment filed by Defendants Manish K. Singh, M.D., and Burdette Tomlin Memorial Hospital. Plaintiffs Lauren Zurga and Nicholas Zurga oppose these motions.

**BACKGROUND**

The facts of this case are briefly as follows. On August 11, 2002, Plaintiff Lauren Zurga and her husband Nicholas Zurga were in Avalon, New Jersey. That morning, at approximately 7:30 a.m., Ms. Zurga was brought to the emergency room of Defendant Burdette Tomlin Memorial Hospital ("BTMH") with symptoms of a possible stroke. The emergency room physician who cared for Ms. Zurga, Defendant Raymond Cascarino, D.O. ("Cascarino"), suspected that Ms. Zurga had a stroke.

Defendant Cascarino ordered a CT scan of Ms. Zurga's head to

determine whether there was any intracranial bleeding. The CT scan showed that Ms. Zurga did not have any intracranial bleeding. Because there was no bleeding, the administration of a clot busting medication, tPA, and whether or not to give it, became an issue.

The medical consensus is that thrombolytich agents such as tPA should not be administered to stroke patients if more than three hours have elapsed since the onset of symptoms. Accordingly, assuming that Ms. Zurga's onset of symptoms occurred at 7:30 a.m., a fact hotly disputed, the last opportunity to administer thrombolytich agents to Ms. Zurga would have been at 10:30 a.m. After Defendant Cascarino received reports of the CT Scan, he telephoned Defendant Manish Singh, M.D. ("Singh"), the "on-call" neurologist at BTMH. Pursuant to the hospital's policies, Defendant Singh was required to respond to emergency room calls within thirty minutes.

**STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] Fed. R. Civ. P. 56(c). In deciding whether there is a

---

[1] The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir.

disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'"  Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

**ANALYSIS**

At issue in this case is whether or not the administration of tPA could have been given before 10:30 a.m.  The answer to this question depends upon the resolution of conflicting and contradictory testimony.  First, there is contradictory testimony regarding the telephone conversations between Defendants Cascarino and Singh.  Although Defendant Singh alleges that he was more than an hour away from the hospital, and would not have been able, upon any circumstances, to arrive at the hospital before 10:30 a.m., assuming the onset of symptoms began at 7:30 a.m., the evidence in the record contradicts that.  For example,

---

2005).

4

Defendant Cascarino testified in his deposition that Defendant Singh later admitted to him that he was not an hour away from the hospital but was, in fact, in Cape May Courthouse where the hospital is located.  Defendant Singh claims that even if he had arrived at the hospital before 10:30 a.m. "he would have had to [have] taken the time to review the chart and records, confer with Dr. Cascarino, examine the patient and attempt to determine if Lauren Zurga indeed had a stroke, in the face of symptoms which did not meet any of the criteria for diagnosing stroke." [Def. Brief at 8].  Of course, these are facts - all in dispute - that should be resolved by a jury.

Defendant BTMH contends that summary judgment should be granted in its favor because it advised Defendant Singh of its thirty minute policy.  However, the record is replete with evidence that Defendants Singh and BTMH were in disagreement on the hospital's thirty minute policy.  Indeed, the record before this Court is sufficient to demonstrate that Defendant Singh had made it known to the hospital that he was not going to be bound by the thirty minute rule.  (See Pl's. Exhibit F, at pages 65, 68, 244, 274.)  In light of this evidence, Defendant BTMH is not entitled to summary judgment by producing evidence that it advised Defendant Singh of the thirty minute policy.

Accordingly, because many material facts in this case are in dispute, the Defendants' motions for summary judgment will be

denied, and an appropriate Order will be issued.

                                                s/Renée Marie Bumb  
                                                RENÉE MARIE BUMB  
                                                United States District Judge

Dated: April 24, 2007